IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

SHANE C. BUCZEK,

        Petitioner

                                10-CV-382-S

    v.

CONSTRUCTIVE STATUTORY TRUST
DEPOSITORY TRUST CORPORATION
DONALD F. DONAHUE
UNITED STATES MARSHALS
JOHN CLARK and BRYAN MATTEWS
UNITED STATES PROBATION
JOSEPH GIACOBBE
UNITED STATES OF AMERICA
ERIC H. HOLDER
BEHAVIORAL INTERVENTIONS
B.I. WILLIAM COOPER CFO,

        Respondents.

**MEMORANDUM OF LAW IN SUPPORT THE DTC RESPONDENTS' MOTION TO DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS AND THE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**

**THE DEPOSITORY TRUST COMPANY [improperly named "The Depository Trust Corporation" by petitioner] AND DONALD F. DONAHUE (THE "DTC RESPONDENTS")**, by and through their attorneys, Proskauer Rose LLP, hereby submit this Memorandum of Law in Support of their Motion to Dismiss the Petition for a Writ of Habeas Corpus and the Amended Petition for a Writ of Habeas Corpus.

As demonstrated below, the DTC Respondents do not exercise any custodial authority over petitioner and are not properly joined as respondents in this habeas proceeding.

In submitting this Memorandum of Law, the DTC Respondents respectfully rely on and incorporate by reference the Amended Motion to Dismiss filed by The United States Marshal Service, John Clark, Director of The U.S. Marshal Service and Bryan Matthews, Acting U.S. Marshal for The Western District of New York, The United States Office of Probation and Pretrial Services, The United States of America and Eric H. Holder, Attorney General of The United States (Docket No. 11) (the "Federal Respondents").

## ARGUMENT

The DTC Respondents are not proper parties to the Petition for a Writ of Habeas Corpus (Docket No. 1) and the Amended Petition for a Writ of Habeas Corpus (Docket No. 2) (collectively the "Petition"). As a matter of law, the proper respondent to a habeas proceeding is the habeas petitioner's custodian. See 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"); Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); Castronova v. U.S., 1995 WL 604327 at *3, No. 94-CV-606S, (W.D.N.Y. August 29, 1995) (Skretny, J.).

As stated by the Federal Respondents in their moving papers (Docket No. 11 at 2-3), the DTC Respondents have never been, and can never be, responsible for petitioner's "custody."[1] It therefore comes as no surprise that the Petition fails to adduce any factual

---

[1] DTC is a New York corporation formed under the New York Banking Law. It is a wholly owned subsidiary of another New York corporation, The Depository Trust & Clearing Corporation. DTC is clearing agency, registered with the U.S. Securities and Exchange Commission ("SEC") pursuant to Section 17A of the Securities Exchange Act of 1934. See SEC Release No. 20221 (September 23, 1983), 48 FR 45167 (October 3, 1983). As a SEC-registered clearing agency, ". . . . DTC accepts deposits of securities from its participants (i.e., broker-dealers and banks), credits those securities to the

2

or legal basis justifying naming the DTC Respondents in this proceeding.  Accordingly, the Court should dismiss the Petition as against the DTC Respondents.  See Miller v. Sangiacomo, Slip Copy, 2010 WL 3749065 (W.D.N.Y. 2010) (Arcara, J.) (dismissing habeas petition against respondent that had no control over custody of petitioner).

In a related fashion, the Petition also markedly fails to meet the pleading requirements set forth by the Federal Rules of Civil Procedure.  Even with the most liberal reading, nowhere can one discern *any* explanation – however conclusory or unsubstantiated – as to any conceivable basis for a federal prisoner to seek habeas relief from a securities depository and its chief executive.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (finding that while detailed factual allegations not required, the pleadings standard promulgated by The Federal Rules requires more than unsubstantiated accusations) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)).  It follows, therefore, that the Petition has not and cannot state a claim upon which relief can be granted against the DTC Respondents.  As such, the Petition is also ripe for dismissal under Federal Rules of Civil Procedure 8(e) and 12(b)(6).

---

depositing participants' accounts, and effects book-entry movements of those securities."
*See* SEC Release 34-47978, 68 Fed. Reg. 35037, 35041 (June 11, 2003).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, as well as those adopted and incorporated by reference from the Federal Respondents' Motion to Dismiss, it is prayed that the petitioner's Petition for a Writ of Habeas Corpus (Docket No. 1) and Amended Petition for a Writ of Habeas Corpus (Docket No. 2) be dismissed.

DATED:  New York, New York, November 18, 2010.

Respectfully submitted,

**PROSKAUER ROSE LLP**

/s/*Margaret A. Dale*_____
**Margaret A. Dale**
**mdale@proskauer.com**

**1585 Broadway**
**New York, NY 10036**
**212.969.3000**

*Attorney for Respondents, The Depository Trust Company and Donald F. Donahue*

**Of Counsel:**

**Gregg M. Mashberg**
**Lawrence S. Elbaum**
**PROSKAUER ROSE LLP**
**1585 Broadway**
**New York, NY 10036**
**212.969.3000**

**Local Counsel:**

**Melissa N. Subjeck**
**HODGSON RUSS LLP**
**msubjeck@hodgsonruss.com**
**140 Pearl Street, Suite 100**
**Buffalo, NY 14202**
**716.848.1719**

<u>IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK</u>

SHANE C. BUCZEK,

        Petitioner

                                    10-CV-382-S

    v.

CONSTRUCTIVE STATUTORY TRUST
DEPOSITORY TRUST CORPORATION
DONALD F. DONAHUE
UNITED STATES MARSHALS
JOHN CLARK and BRYAN MATTEWS
UNITED STATES PROBATION
JOSEPH GIACOBBE
UNITED STATES OF AMERICA
ERIC H. HOLDER
BEHAVIORAL INTERVENTIONS
B.I. WILLIAM COOPER CFO,

        Respondents.

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2010, I electronically filed the attached MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS AND THE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS with the Clerk of the District Court using its CM/ECF system, and I mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant:

    Shane C. Buczek
    Northeast Ohio Correctional Center,
    2240 Hubbard Rd.
    Youngstown, OH 44501

                                    /s/*Margaret A. Dale* _____
                                  MARGARET A. DALE