```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANE C. BUCZEK,

                    Petitioner,
       -vs-                                    No. 10-CV-382(MAT)
                                               DECISION AND ORDER

CONSTRUCTIVE STATUTORY TRUST
DEPOSITORY TRUST CORPORATION
DONALD F. DONAHUE
UNITED STATES MARSHALS
JOHN CLARK and BRYAN MATTEWS
UNITED STATES PROBATION
JOSEPH GIACOBBE
UNITED STATES OF AMERICA
ERIC H. HOLDER
BEHAVIORAL INTERVENTIONS
B.I. WILLIAM COOPER CFO,

                    Respondents.
_____
```

**I. Background**

Pro se petitioner Shane C. Buczek ("Buczek" or "Petitioner") has filed an application styled as a petition for habeas relief under 28 U.S.C. § 2241.[1] He challenges the constitutionality of his custody as the result of his conviction, following a jury trial in the Western District of New York (Skretny, J.) on one count of bank fraud, 18 U.S.C. § 1344; and one count of committing an offense while on pre-trial release, 18 U.S.C. § 3147.

On May 7, 2010, prior to being sentenced in his criminal case,

---

[1] The petition asserts the same grounds for relief that are raised in Buczek's two other habeas proceedings pending in this Court, Buczek v. Constructive Statutory Trust, et al., 10-CV-0383(MAT) (W.D.N.Y.) (Docket No. 27), and Buczek v. Constructive Statutory Trust, et al., 10-CV-0384(MAT) (W.D.N.Y.) (Docket No. 28).

-1-

Petitioner instituted this habeas proceeding asserting the following arguments: "since no probable cause affidavit was issued", there was a Fourth Amendment violation and "jurisdiction ceased" (issue one); the District Court lacks jurisdiction over him due the failure to achieve a quorum in Congress when the federal courts were established ("the Quorum Issue") (issue two); the "actions of the lower court judge violate 28 U.S.C. § 455" (issue three); the judge "is not an Article III judge and therefore cannot sentence" (issue four); and the alleged "sale of conviction bonds [by the District Court] renders the proceedings void" (issue five).

Buczek then filed what he deemed an Amended Petition (Docket No. 2), extensively arguing the Quorum Issue and raising two additional arguments. First, Buczek speculated that since the Government allegedly "concealed material evidence" in the cases against former Alaska Senator Ted Stevens and former Alabama Governor Don Siegelman, then the attorneys for the Government necessarily must have concealed material exculpatory evidence in his case. Buczek alleged as his second amended ground for relief that the Government violated the so-called Classified Information Procedures Act did not offer any support for his contention there exists "classified information" about him at several federal agencies which the Government improperly obtained.

The Government has filed a pre-answer Motion to Dismiss the Petition and Amended Petition, asserting, inter alia, that the

issues raised therein are not proper grounds for relief under 28 U.S.C. § 2241 but rather must be raised, if at all, in a Section 2255 motion to set aside the sentence. The Government urged the Court to warn Buczek that his Petition and Amended Petition must be treated as a collateral attack under 28 U.S.C. § 2255; offer him the opportunity to withdraw them; and caution him that if he does not do so, they will be treated as a collateral attack and will count as the one collateral attack allowed to each prisoner. See 28 U.S.C. § 2244; Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam).

Accordingly, the Court issued an Order (Docket No. 27) directing Petitioner to notify the Court whether he wishes (1) to withdraw the Petition and Amended Petition, or (2) to proceed with the Petition and Amended Petition, which shall be designated as a motion pursuant to 28 U.S.C. § 2255.

In response to this Order, Petitioner filed a Motion for Leave to Amend (Docket No. 28).[2] Petitioner ignored the Court's direction to address whether he wished to withdraw the Petition and Amended Petition, or to proceed with the Petition and Amended Petition being converted to a motion pursuant to 28 U.S.C. § 2255. Rather, he cites both 28 U.S.C. § 2241 and 28 U.S.C. § 2255 as grounds for finding his conviction and sentence unconstitutional. The Court

---

[2] Petitioner filed the same pleading in his other two habeas cases pending in this Court, No. 10-CV-383(MAT) (W.D.N.Y.) and No. 10-CV-384(MAT) (W.D.N.Y.).

interprets Buczek's pleading as indicating a desire not to withdraw the Petition and Amended Petition. As the Court stated in its previous Order, relief under Section 2241 is not available based upon the grounds asserted by Petitioner. Therefore, Petition and Amended Petition must be converted to applications under 28 U.S.C. § 2255.

In the Motion for Leave to Amend, Petitioner also states that he wishes to amend the Petition so as to (1) remove all named respondents except for the United States of America; and (2) assert that his Sixth Amendment right to a speedy trial was violated. He also reargues the "Quorum Issue" and asserts a violation of the Fair Warning doctrine: Because "there is no Federal Registry and no C.F.R.'s that exist for Title 18", this means that Title 18, the entire federal court system, and the criminal statutes under which he was convicted are null and void.

**II. Standard of Review for Motions for Leave to Amend**

Under Rule 15(a), a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has followed the Supreme Court's direction that permission to amend a claim "should be freely granted." Oliver Schs., Inc. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Notwithstanding this liberal standard, a court may deny leave to amend where there has been undue delay or bad faith on the moving party's part, prejudice to the non-movant, or

where leave would be futile. Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000) (citing Foman, 371 U.S. at 182). Petitioner's requested amendments will have little to no effect on the Court's resolution of this matter and therefore the Court cannot discern any prejudice to Respondents. Petitioner's Motion for Leave to Amend is granted insofar as all respondents except the United States of America are dismissed, and the additional claims asserted by Petitioner are added to the Petition.

**III. Standard of Review for 28 U.S.C. § 2255 Petitions**

Title 28 U.S.C., § 2255 allows a convicted person being held in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting his sentence. 28 U.S.C. § 2255. Relief under Section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). As Petitioner is proceeding pro se, the Court shall construe his submissions to raise the strongest arguments suggested. Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995).

**IV. Discussion**

"A § 2255 motion may not relitigate issues that were raised and considered on direct appeal." United States v. Perez, 129 F.3d

255, 260 (2d Cir. 1997) (citing Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995)). A defendant is also barred from raising claims in his § 2255 motion that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom. Id. (citing Femia v. United States, 47 F.3d 519, 524 (2d Cir. 1995)). A defendant may raise such claims "'where the issues were not raised at all on direct appeal due to ineffective assistance of counsel.'" Underwood v. United States, 15 F.3d 16, 18 (2d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)).

It is well-settled that habeas corpus review under 28 U.S.C. § 2255 is not a substitute for a direct appeal. See, e.g., United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Gordon, 433 F.2d 313, 314 (2d Cir. 1970) ("A motion under section 2255 may not be used to review grounds which defendant failed timely to raise at trial and on appeal."). Where a defendant does not bring a claim on direct appeal, the defendant is barred from raising the claim in a subsequent proceeding under 28 U.S.C. § 2255 unless he or she can establish cause for the procedural default and actual prejudice resulting therefrom. See, e.g., Amiel v. United States, 209 F.3d 195, 198 (2d Cir. 2000)(citation omitted).

The term "cause" means "something external to the petitioner, something that cannot be fairly attributed to him." Coleman v. Thompson, 501 U.S. 722, 753 (1991). Prejudice in this context

consists of "actual and substantial disadvantage, infecting [the defendant's] entire trial with error of constitutional dimensions," United States v. Frady, 456 U.S. at 170. Where the first prong of the cause and prejudice test is not satisfied, it is unnecessary to discuss whether the petitioner suffered prejudice from his default (the second prong of the test). Murray v. Carrier, 477 U.S. 478, 496 (1986) (upholding "adherence to the cause and prejudice test 'in the conjunctive'").

**A.  Claims Raised in the Original Petition**

All of Buczek's claims raised in his original Petition (Docket No. 1) (i.e., the Fourth Amendment violation; the "Quorum Issue"; the alleged violation of 28 U.S.C. § 455,[3] the judicial disqualification statute; the absence of an Article III judge to provide over his criminal proceeding; and the illegal sale of sale of conviction bonds by the District Court) either were raised on direct appeal or could have been raised on direct appeal. If they were raised before the Second Circuit, Buczek cannot use Section 2255 as an "extra" appeal. United States v. Perez, 129 F.3d at 260.

There is no cause identified that would be sufficient to justify collateral review of any of these forfeited claims. Because the first prong of the cause and prejudice test is not satisfied, it is unnecessary to discuss whether Buczek suffered prejudice from

---

[3] 28 U.S.C. § 455(a) provides that "any justice, judge or magistrate of the United States shall  disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

his default (the second prong of the test). Murray v. Carrier, 477 U.S. 478, 496 (1986) (upholding "adherence to the cause and prejudice test 'in the conjunctive'"). The Court explicitly finds, however, that Buczek is unable to demonstrate prejudice in the context of his forfeited claims, which are entirely without merit.

No he has demonstrated that he is actually innocent of the crime for which he was committed. To establish actual innocence, petitioner must demonstrate that, "'in light of all the evidence,'" "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quotation omitted). Buczek has not come close to meeting Schlup's extremely rigorous standard. Therefore, he cannot invoke the "fundamental miscarriage of justice" exception. Bousley, 523 U.S. at 622 (citing Smith v. Murray, 477 U.S. 527, 537 (1986)).

Accordingly, the claims asserting a Fourth Amendment violation; the "Quorum Issue"; a violation of 28 U.S.C. § 455; the absence of an Article III judge to provide over his criminal proceeding; and the illegal sale of sale of conviction bonds by the District Court are dismissed as subject to an unexcused procedural default.

Before proceeding to the claims asserted in the Amended Petition the Court wishes to emphasize that the Quorum Issue, upon which Buczek has expended the bulk of his argument, is patently without merit. Petitioner argues that his conviction is invalid

because the statute relied upon for district court subject-matter jurisdiction, 18 U.S.C. § 3231, never passed both houses of Congress in 1948 and is thus void.[4]  Bbecause of a defect in the 1948 passage of Public Law 80-772, 18 U.S.C. § 3231 as well as all subsequently enacted statutes which rely upon 18 U.S.C. § 3231 for district court jurisdiction are similarly invalid. Specifically, Petitioner claims that Public Law 80-772, which is the provision that enacted 18 U.S.C. § 3231 establishing jurisdiction of the federal district courts, is invalid because it was never voted into law by both Houses of Congress.

This contention, or a variation upon it, has been offered by countless federal prisoners as a basis for § 2255 relief and has been roundly rejected by all the federal courts who have considered such claims. E.g., Castillo v. United States, 2011 WL 2110321, at *3 (S.D. Miss. 2011) (citing DeCarlo v. Hollingsworth, 2010 WL 5135883, at *2 (S.D. Ill. Dec. 10, 2010)(determining that a § 2241 petition could not be maintained based on the argument, a "perennial favorite[] of jailhouse lawyers," that 18 U.S.C. § 3231 has not been properly enacted into law.); United States v. Siegleman, No. 2:05-cr-119-MEF-CSC, 2007 WL 1284276, at *1 (M.D. Ala. Apr. 30, 2007)(providing that "even the briefest of forays into the electronic databases available for legal research yields

---

[4] 18 U.S.C. § 3231 holds that "the district courts of the United States shall have original jurisdiction, regardless of the courts of the States, of all offenses against the laws of the United States."

a long list of judicial opinions that have considered and rejected" this claim that "18 U.S.C. § 3231, the statute which gives the district courts of the United States original jurisdiction over all offenses against the laws of the United States, was not properly enacted.")(collecting cases); Campbell v. Gonzalez, No. 07-CV-36-GFVT, 2007 WL 1035021, at *3 (E.D. Ky. Mar. 29, 2007)(finding that the petitioner's claim that "the respondents have no authority to hold him in custody because 'Public Law 80-772 was never voted into law by the Senate during any session of the 80th congress'" was without merit); United States v. Risquet, 426 F. Supp.2d 310 (E.D. Pa. 2006)(stating that President Truman signed Section 3231 into law on June 25, 1948, after the 1948 amendment to Section 3231 passed both houses of Congress, and that the amendment and statute were "properly enacted and . . . binding" and that defendant "has offered no legitimate case law to the contrary") (collecting cases); Lister v. United States, Nos. 3:06-CV-1355-N, 3:03-CR-374-N, 2006 WL 3751324, at *2 (N.D. Tex. Dec. 20, 2006)("Public law 80-772 was passed by the House of Representatives in the first session of the 80th Congress. It was then passed by the Senate during the second session of that same Congress. This recess was an inter-session, and not a sine die recess. Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress. Public law 80-772 was clearly passed by both houses before a sine die recess

was called. Therefore, the law was properly enacted and Movant's claim that the Court did not have subject matter jurisdiction must fail.") (citations omitted).

"Even if the 1948 amendment to § 3231 were somehow defective, this court would retain jurisdiction over this case because the predecessor to § 3231, which Defendant does not challenge, provides for such jurisdiction as well." Risquet, 426 F. Supp.2d at 312 (citing United States v. Lawrence, No. 02-200, 2006 WL 250702, at *1 (N.D. Ill. Jan. 27, 2006)); accord Delreth v. United States, Criminal No. L-03-1745-6, Civil No. L-05-205, 2006 WL 1804618, at *4 (S.D. Tex. June 27, 2006)(noting that "even if 18 U.S.C. § 3231 was flawed, legislation that pre-dated section 3231 would have operated to give the Court jurisdiction over federal crimes.").

Based on these cases, the United States Supreme Court's consistent application of the statute in question as a foundation of jurisdiction,[5] and the absence of any legitimate contrary authority, this Court likewise rejects Buczek's jurisdictional argument as wholly without merit. The "Quorum Issue", in short, does not present a claim upon which § 2255 habeas relief can be granted.

**B. Claims Raised in the Amended Petition**

---

[5] See, e.g., Tafflin v. Levitt, 493 U.S. 455, 471 (1990); California v. Cabazon Band of Mission Indians, 480 U.S. 202, 213, n. 15 (1987); Commonwealth of Pa. v. Nelson, 350 U.S. 497, 502, n. 10 (1956).

In his Amended Petition, Buczek extensively re-argued the Quorum Issue and raised two additional arguments. First, Buczek speculated that since the Government allegedly "concealed material evidence" in the cases against former Alaska Senator Ted Stevens and former Alabama Governor Don Siegelman, then the attorneys for the Government necessarily must have concealed material exculpatory evidence in his case. Buczek alleged as his second amended ground for relief that the Government violated the so-called Classified Information Procedures Act did not offer any support for his contention there exists "classified information" about him at several federal agencies which the Government improperly obtained.

These claims are spurious, and are unsupported by anything other than the speculations and conspiracy theories produced by Buczek's febrile imagination. With regard to the Brady claim, "[i]t is well established that the mere speculation that exculpatory evidence was withheld is insufficient to warrant habeas relief." Mallet v. Miller, 432 F. Supp.2d 366, 377 (S.D.N.Y.) (citing Strickler v. Greene, 527 U.S. 263, 286 (1995) ("Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review.")); accord, e.g., United States v. Upton, 856 F. Supp. 727, 746 (E.D.N.Y. 1994) ("As a matter of law, mere speculation by a defendant that the government has not fulfilled its obligations under Brady v. Maryland, 373 U.S. 83, . . . (1963), is not enough

to establish that the government has, in fact, failed to honor its discovery obligations.").

With respect to Buczek's allegations regarding the Classified Information Procedures Act ("CIPA"), 18 U. S. C. App. 3, §§ 1-16, they, too, are meritless. CIPA is "merely a procedural tool requiring a pretrial court ruling on the admissibility of classified information." United States v. Smith, 780 F.2d 1102, 1106 (4th Cir. 1985). CIPA § 1(a) defines "[c]lassified information," in pertinent part, as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." United States v. Rosen, 557 F.3d 192, 195 (4th Cir. 2009). CIPA applies, in the criminal setting, when a defendant expects to disclose, or cause the disclosure, of classified information at trial or in a pretrial proceeding. Under CIPA § 5(a), he is required to notify the district court and the government of the potential disclosure. Id. Here, however, Buczek simply alleges that the Government is withholding classified information regarding him, but he utterly fails to identify what this information is. Although Buczek cites CIPA, that statute has no relevance whatsoever to Buczek's case. This claim is patently frivolous and must be dismissed.

**C.  Claims Raised in the Motion for Leave to Amend**

-13-

In his Motion for Leave to Amend, Buczek asserts that his Sixth Amendment right to a speedy trial was violated. He also asserts that the Fair Warning Doctrine was violated because "there is no Federal Registry and no C.F.R.'s that exist for Title 18", and, accordingly, Title 18, the entire federal court system, and the criminal statutes under which he was convicted are null and void.

As discussed above, other than a claim for ineffective assistance of counsel, a defendant cannot litigate under Section 2255 claims that he could have raised but did not on direct appeal, unless the defendant can show either: (1) cause and prejudice; or (2) that the defendant is actually innocent of the crime for which he was convicted. Bousley v. United States, 523 U.S. 614, 622-23 (1998).

If Buczek's speedy trial claim and Fair Warning claim were raised before the Second Circuit, Buczek cannot use Section 2255 as an additional appeal. If they were not raised on direct appeal, Buczek must demonstrate cause and prejudice; or (2) that he is factually innocent of the crime for which he was convicted. Buczek has not alleged, much less established, the requisite "cause" and "prejudice", and he therefore cannot overcome the procedural default in this manner. Furthermore, as discussed above, he has not demonstrated that he is actually innocent of the crime for which he was committed. Buczek's speedy trial claim and Fair Warning claim

are subject to an unexcused procedural default and accordingly are dismissed.

## V. Conclusion

For the reasons set forth above, Petitioner's Motion for Leave to Amend is granted to the extent that all respondents except the United States of America are dismissed and Petitioner's new habeas claims stated therein are included for consideration by this Court. The Motion for Leave to Amend is denied in part, to the extent that none of the new habeas claims asserted therein warrant relief, and therefore they are dismissed with prejudice.

Petitioner's Petition and Amended Petition are converted to applications under 28 U.S.C. § 2255. The Government's Motion to Dismiss is granted, and the Petition and the Amended Petition are denied with prejudice.

Petitioner's Motion for Judgment on the Pleadings; Motion to Take Judicial Notice of the Determination by the Department of Justice that "Title 18 (1948) [sic] is Unconstitutional and of the Fair Warning Doctrine"; and "Motion/Petition for Determination of a Question of Jurisdiction" are dismissed as moot, in light of this Court's dismissal of the Petition and the Amended Petition.

Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R.App.P.

24(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore the Court denies leave to appeal as a poor person from this Decision and Order. Coppedge v. United States, 369 U.S. 438 (1962).

**VI. Orders**

It is hereby

**ORDERED** that the Petition (Docket No. 1), Amended Petition (Docket No. 2), and all of the habeas claims raised in the Motion for Leave to Amend (Docket No. 28) are **converted to applications under 28 U.S.C. § 2255;** and it is further

**ORDERED** that the Government's Motion to Dismiss (Docket No. 11) is **granted** and the Petition (Docket No. 1), Amended Petition (Docket No. 2) are **dismissed with prejudice**; and it is further

**ORDERED** that and all of habeas claims raised in the Motion for Leave to Amend (Docket No. 28) are **denied with prejudice**; and it is further

**ORDERED** that Petitioner's Motion for Leave to Amend is **granted** insofar as all respondents except the United States of America are **dismissed** from this action. In light of this dismissal, the Motion to Dismiss (Docket No. 19) filed by respondent Depository Trust Corporation, Donald F. Donahue is **dismissed as moot**; and it is further

**ORDERED** that Petitioner's Motion for Judgment on the Pleadings (Docket No. 3); Motion to Take Judicial Notice of the Determination by the Department of Justice that "Title 18 (1948) [sic] is Unconstitutional and of the Fair Warning Doctrine" (Docket No. 4); and "Motion/Petition for Determination of a Question of Jurisdiction" (Docket No. 5) are **dismissed as moot**, in light of this Court's dismissal of the Petition, the Amended Petition, and the claims asserted in the Motion for Leave to Amend.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED: September 29, 2011
Rochester, New York