```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

SHANE C. BUCZEK,

                Petitioner,

  -vs-                               **Nos. 10-CV-0382(MAT), 10-CV-0383(MAT), & 10-CV-0384(MAT)**

CONSTRUCTIVE STATUTORY TRUST
DEPOSITORY TRUST CORPORATION      **DECISION AND ORDER**
DONALD F. DONAHUE
UNITED STATES MARSHALS
JOHN CLARK and BRYAN MATTEWS
UNITED STATES PROBATION
JOSEPH GIACOBBE
UNITED STATES OF AMERICA
ERIC H. HOLDER
BEHAVIORAL INTERVENTIONS
B.I. WILLIAM COOPER CFO,

                Respondents.
_____

## I. Background

Pro se petitioner Shane C. Buczek ("Buczek" or "Petitioner") filed an application styled as a petition for habeas relief under 28 U.S.C. § 2241 in each of the above-captioned proceedings, challenging the constitutionality of his custody as the result of various convictions entered against him in the Western District of New York (Skretny, J.). After converting Buczek's applications into motions to vacate pursuant to 28 U.S.C. § 2255, the Court granted the Government's motions to dismiss the petitions with prejudice. After judgment was entered in each matter, Buczek then filed a pleading captioned as a "Motion For Reconsideration" pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 60(b)(6) in all three cases. This Court denied all of the motions for reconsideration with prejudice on October 24, 2011.

On October 20, 2011, Buczek filed notices of appeal in each case. Buczek then filed, in all three cases, an undated pleading captioned as "Motion for Judicial Notice." These were received by the Court on December 22, 2011. Although Buczek has not cited any legal or statutory authority for his motions, the Court has construed them as motions pursuant to F.R.C.P. 60(b) for relief from judgment. See Cureaux v. Sawyer, 93-CR-409, CIV.A.03-1048, 2004 WL 902170 (E.D. La. Apr. 23, 2004) (construing "motion to take judicial notice" as a motion pursuant to F.R.C.P. 60(b), aff'd, 124 Fed. Appx. 826 (5th Cir. Feb. 17, 2005, cert. denied, 545 U.S. 1134 (2005). The Court cannot construe the Motions for Judicial Notice as motions to amend or alter the judgment pursuant to F.R.C.P. 59 because they were filed past the twenty-eight (28) time-limit for filing such motions. FED. R. CIV. P. 59(e).

The Motions for Judicial Notice filed in the three cases are identical. In the interest of judicial economy, the Court has consolidated them for disposition.

For the reasons that follow, relief from judgment is not warranted, and all three motions are denied with prejudice.

**II.   Jurisdiction**

The Court first must address whether it retains jurisdiction over Petitioner's Motions for Judicial Notice, since Petitioner has filed Notices of Appeal to the United States Court of Appeals for the Second Circuit. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those

aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam), superseded on other grounds by FED. R. APP. P. 4(a)(4)(B); see also Motorola Credit Corp. v. Uzan, 388 F.3d 39, 53 (2d Cir. 2004). The Second Circuit has noted that

> [w]hile the federal rules do permit the district court to relieve a party or a party's legal representative from a final judgment, see Fed. R. Civ. P. 60(b), this circuit has repeatedly held that the docketing of a notice of appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.

Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (internal quotation marks omitted).

The Second Circuit also has explained that even after a notice of appeal is filed, "the district court can entertain and deny [a] rule 60(b) motion[.]" Id. In addition, "the district court may grant a rule 60(b) motion after an appeal is taken only if the moving party obtains permission from the circuit court." Id. "In other words, before the district court may grant a rule 60(b) motion, [the Second Circuit] must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." Id. This Court's understanding of the quoted language is that can review Buczek's Motions for Judicial Notice, and if the Court were inclined to deny the motions, it could do so without the Second Circuit's consent. E.g., Call Center Technologies, Inc. v. Grand Adventures Tour & Travel, No. 3:03CV01036(DJS), 2009 WL 1588438, at *2 (D. Conn. 2009). On the

other hand, if the Court were inclined to grant Buczek's motions, it could not do so without the Second Circuit's consent, i.e., without the Second Circuit remanding the cases to this Court to rule on the motions. Id. Here, the Court is not inclined to grant Buczek's motions, and there is no basis to seek a remand from the Second Circuit.

As noted above, the Court has necessarily construed Buczek's motions as seeking relief from judgment under F.R.C.P. 60(b) which provides that the district court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under F.R.C.P. 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). According to the Second Circuit, F.R.C.P. Rule 60(b) provides "extraordinary judicial relief" which can be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); accord, e.g., Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986), cert. denied, 480 U.S. 908 (1987).

Generally, for an F.R.C.P. 60(b) motion to prevail, a three-part test must be met. First, there must be highly convincing

evidence supporting the motion. Second, the moving party must show good cause for failing to act sooner. Third, the moving party must show that granting the motion will not impose an undue hardship on the other party. Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987). "The burden of proof is on the party seeking relief from judgment[.]" United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).

Buczek is asking the Court to take so-called "judicial notice" of A.U.S.A. Anthony Bruce's prosecutorial misconduct and vindictive prosecution of him, as well as the alleged invalidity of the criminal statutes under which he was convicted. These are nothing but attempts to reargue claims decided adversely to Buczek by this Court and by other judges in this Court in his multitudinous prior filings in this and other cases. Buczek has not shouldered his burden of satisfying any one of F.R.C.P. 60(b)'s six grounds for relief. See Van Skiver v. United States, 952 F.2d 1241, 1243-44 (10th Cir. 1991) ("Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances. A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.") (internal citation omitted; footnote omitted). Therefore, the Court finds no basis on which grant relief under F.R.C.P. 60(b).

### III. Conclusion

For the reasons discussed above, Petitioner's "Motions for Judicial Notice" (Dkt. #36 in 1:10-CV-0382(MAT), Dkt. #35 in 1:10-CV-0383(MAT), & Dkt. #36 in 1:10-CV-0384(MAT)) are **denied with**

**prejudice**. Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability shall not issue. 28 U.S.C. § 2253(c)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), that any appeal from this Decision and Order would not be taken in good faith and therefore the Court denies leave to appeal as a poor person from this Decision and Order. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

    **SO ORDERED.**

                                                S/Michael A. Telesca
                                      _____
                                      HONORABLE MICHAEL A. TELESCA
                                      United States District Judge

DATED:   Rochester, New York
           May 30, 2012